## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6576 | **DATE** | 10/25/2002 |
| **CASE TITLE** | USA, ex rel. Miguel Cardin vs. Kenneth R. Briley | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. The petition for writ of habeas corpus is denied because the Petitioner has procedurally defaulted on all claims raised in his petition for habeas relief.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | 3 | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | OCT 28 2002 | |
| | Notified counsel by telephone. | | | date docketed | 11 |
| | Docketing to mail notices. | | | | |
| ✓ | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | 10/25/2002 | |
| | | | | date mailed notice | |
| ETV | courtroom deputy's initials | | | ETV | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |



DOCKETED
OCT 2 8 2002

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel., MIGUEL CARDIN, Petitioner, v. KENNETH R. BRILEY, Respondents. | No. 00 C 6576<br>Judge Rebecca R. Pallmeyer |

## MEMORANDUM OPINION AND ORDER

Petitioner Miguel Cardin was found guilty of first degree murder, following a bench trial, on March 25, 1994 and subsequently sentenced to the maximum 60 year term of imprisonment. Cardin filed his *pro se* petition for writ of habeas corpus with this court on October 24, 2000. In its answer, Respondent asks this court to deny the petition on the grounds that Cardin has procedurally defaulted his claims. For the reasons explained here, Cardin's petition for habeas relief is denied.

## FACTUAL BACKGROUND

The record does not include an opinion of the Illinois court that sets out the facts of this case in detail. In an effort to present a full picture of this case the court has presented the facts as presented by the Petitioner in his briefs before the Illinois courts. Respondent has not objected to the Petitioner's recitation of the facts.

Both Miquel "Cuba" Cardin and Jessie "Tank" Rivera were charged with the October 16, 1992 shooting of Juan Zarco. (Brief and Argument for Petitioner-Appellant from the Dismissal of Post-Conviction Petition, Exhibit H to Respondent's Answer, at 5.) (hereinafter, "Appeal from Dismissal"). At a bench trial before Judge Himel, the state called three eyewitnesses, Marcos Salas, Jose Alejandro, and Saul Armendaris, each of whom testified to essentially the same series of events. (Appeal from Dismissal, at 5.) All three witnesses admitted to membership in one of two

aligned gangs, the Ashland Vikings or the Imperial Gangsters. (*Id.* at 5.) At approximately 7:30 p.m. on May 16, 1992, Zarco, Alejandro, and Armendaris were in a car, driven by Salas, which stopped at a stop sign at the corner of Huron and Wood in Chicago. (*Id.* at 5; Petitioner's Brief as Appellant in the Illinois Appellate Court on Direct Appeal from his Conviction, Exhibit A to Respondent's Answer, at 4) (hereinafter, "Direct Appeal".) At that time, the witnesses saw both the Petitioner and Rivera standing outside on the corner of the street. (Appeal from Dismissal, at 5.) Each witness then testified that he observed Rivera point at the car in which the witnesses were seated and Cardin, who was a member of the rival Maniac Latin Disciples street gang, fire two shots. (*Id.*) The first bullet missed the car but the second bullet entered the car as it was turning the corner onto Wood Street and hit Zarco, fatally wounding him. (*Id.* at 5; Direct Appeal, at 3.)

On cross examination, Salas admitted that prior to the trial he had met with a defense investigator, Terry Cornell, and in that meeting had initialed a written statement in which he identified Rivera, not Cardin, as the shooter. (Direct Appeal, at 4.) On redirect, however, Salas testified that Cornell represented himself as a State's Attorney. (*Id.*) Furthermore, Salas denied that he signed the page of the statement which identified Rivera (referred to only by his nickname "Tank") as the shooter. (*Id.*) According to Salas, the signature on that page was not his. (*Id.*)

The defense then called Cornell to testify. (*Id.*) Cornell contradicted Salas and testified that Salas was aware that Cornell was working as an investigator for the defense and did in fact sign the statement. (*Id.* at 4-5.) In addition, Cornell testified that Salas referred to Rivera as the shooter using Rivera's real name. (*Id.* at 5.)

Defense witness Raphael Vasquez testified that he was standing at the corner of Huron and Wood at the time the shots were fired. (Appeal from Dismissal, at 5.) He further testified that when he heard shots fired, he looked up and saw "Mario" firing a gun.[1] (Appeal from Dismissal,

---

[1] The record does not indicate what Vasquez believed Mario's last name to be but
(continued...)

at 5.) Vasquez claimed Mario later told him that he (Mario) believed he hit someone inside the car. (*Id.*) Vasquez informed Cardin's attorney, one week after the shooting took place, that it was Mario, not Cardin, who had fired the shots. (*Id.*) Vasquez explained that he failed to contact the police because he was scared that they would throw him in prison. (*Id.* at 5-6.)

Cardin also testified in his own defense. He asserted that he was present at the time the shooting took place but that he did not fire a gun at the car. (*Id.* at 6.) Cardin was arrested one-half hour after the shooting took place, based on information given to the police by Alejandro, Salas, and Armendaris. (Direct Appeal, at 6-7.) According to Cardin, no tests were done of his hands to examine for gun powder residue. (*Id.* at 7.)

At trial, the parties stipulated that if Officer Pillolli, one of the arresting officers, were called, he would testify that Cardin was arrested at approximately 8:10 p.m., and, after being given *Miranda* warnings, told Pillolli that he was at the corner of Augusta and Rockwell at the time of the shooting. (*Id.* at 7.) At the police station three hours later, Cardin was again given *Miranda* warnings; at that time, Cardin told the officer that he had no knowledge of the shooting and was not near Huron and Wood at the time of the incident. (*Id.*)

At the close of all the evidence, the trial judge found Cardin guilty of first degree murder and sentenced him to the maximum 60 years in prison. (Appeal from Dismissal, at 6.) The trial court found that the investigator for the defendant misrepresented himself as a State's Attorney and manipulated the nicknames of the two defendants to insure a favorable statement from Salas. (Direct Appeal, at 8.) The trial judge concluded that the investigator's testimony was not credible

---

[1](...continued)
the court presumes that this was a reference to Mario Chacon: In an affidavit in support of Petition'er motion for post-conviction relief, Jose Rodriquez, an alleged witness to the crime, stated that he saw Mario Chacon, who was standing on a nearby porch, fire a gun at the car in which Zarco was shot. (Appeal from Dismissal, at 6, 9.)

3

and that the testimony of the State's two other identification witnesses was clear and convincing.[2]

(Id.)

## Direct Appeal from Conviction

On October 18, 1994, Cardin filed a direct appeal, through counsel, from his conviction. (Direct Appeal, at 1.) The only issue raised in this direct appeal was whether the trial court abused its discretion in imposing a sentence of 60 years. (Id. at 9.) On December 27, 1994, the Appellate Court of Illinois, First Judicial District, denied Cardin's appeal in a summary order. (Unpublished Order of the Illinois Appellate Court on Direct Appeal, People v. Cardin, No. 1-94-1665, Exhibit B to Respondent's Answer, at 1.) This decision was not appealed to the Illinois Supreme Court. (Petitioner's Pro Se Post-Conviction Petition, Exhibit C to Respondent's Answer, at 6.) (hereinafter, "Pro Se Post-Conviction Petition.")

## Post-Conviction Relief

On May 4, 1995, Cardin filed a pro se petition with the Cook County Circuit Court for post-conviction relief. (Pro Se Post-Conviction Petition, at 1.) In this petition, Cardin raised five issues which he alleged entitled him to relief. In his first claim, he alleged that he was denied the effective assistance of counsel because his trial counsel failed to move to suppress the statement he made to the police officers after his arrest. (Id. at 8.) Next, Cardin alleged that he was denied the effective assistance of counsel because his trial counsel made no attempt to call three witnesses (Jamie Rubio, Miguel Reyes, and Juan Reyes) who, Cardin asserted, would have testified that they heard three gun shots, which contradicted the state's witness who stated that there were only two

---

[2] The record is unclear why the court relied on two eyewitnesses rather than all three, Salas, Alejandro and Armendariz, previously mentioned. Possibly the state court discredited Salas's testimony to some degree because of the contradictory statement made to Cornell.

shots fired.[3] (*Id.* at 13.) Third, Cardin alleged that he was denied the effective assistance of counsel when his trial counsel failed to call detectives Charles Freed and William Whalen, whose investigation yielded information which contradicts the State's witnesses. According to Cardin, the detectives would have testified that through their investigation they learned that an unidentified rival gang member, not Cardin, approached the car and shot Zarco. (*Id.* at 16.) Fourth, he was denied the effective assistance of appellate counsel because his appellate counsel only raised one sentencing issue on appeal, and made no argument based on insufficiency of the evidence. (*Id.* at 17.) Petitioner's fifth claim was that appellate counsel was ineffective in failing to argue the ineffective assistance of trial counsel. (*Id.* at 22.)

On May 12, 1995, the Cook County Public Defender's office was appointed to represent Petitioner. (Petitioner's Supplemental Post-Conviction Petition, filed through counsel, Exhibit E to Respondent's Answer, at 1-2.) (hereinafter "Post-Conviction Supplemental Petition.") On April 7, 1997, counsel filed a supplemental petition on behalf of the Petitioner. (*Id.* at 1.) The supplemental brief raised four grounds for post-conviction relief. First, Cardin argued that the State's conduct in maintaining its case against Cardin's co-defendant, Rivera, deprived Cardin of the right to present a defense by calling Rivera as a witness. (*Id.* at 3.) Next, the petition claimed that Cardin was denied the effective assistance of trial counsel because trial counsel: failed to investigate and present exonerating witnesses; failed to impeach Saul Armendariz with a prior inconsistent statement; and failed to object or seek a new trial on the basis of the open criminal charges against Rivera. (*Id.* at 10-20.) Third, the Petitioner argued that evidence of actual innocence demonstrated that Petitioner was denied his right to present a defense, due process, and a fair trial. (*Id.* at 10-11.) Petitioner alleges that these rights were violated because the court did not hear the testimony

---

[3] The record does not indicate where the three witnesses were at the time of the shooting. Instead, the record reflects only that the witnesses allegedly heard three shots fired. (*Pro Se* Post-Conviction Petition, at 13.)

5

of Jose Rodriquez, Rosemarie Hernandez, and Maritza Cardin, and trial counsel failed to impeach Saul Armendariz with an inconsistent statement that Cardin was not the shooter, which was taped during a conversation with the defense investigator.[4] (*Id.* at 10-11, 20-21.) Fourth, Petitioner claimed he was denied the effective assistance of appellate counsel because counsel raised only one issue on appeal, failing to mention the matter of the open case against Rivera or the issue of ineffective assistance of trial counsel. (*Id.* at 22.) Furthermore, Petitioner alleged that his appellate counsel should have argued that Petitioner was denied the right to present a defense because the State refused to rest its case against the co-defendant. (*Id.*)

On December 3, 1997, the State's Attorney filed a response to Petitioner's supplemental petition for post-conviction relief. (State's Response to Petitioner's Supplemental Post-Conviction Petition, Exhibit F to Respondent's Answer, at 1.) On January 16, 1998, Judge Egan in the Circuit Court of Cook County orally dismissed Cardin's petition. (Transcript and Notice of the Ruling of the Trial Judge Dismissing Petitioner's State Post-Conviction Petition, Exhibit G to Respondent's Answer.) (hereinafter, "Order to Dismiss.") Judge Egan stated that the Petitioner failed to present grounds for post-conviction relief. (Order to Dismiss, at B 33.) The court first stated that there was significant evidence that Rivera did not wish to testify in the Petitioner's trial because of a pending case against him that was unrelated to the Zarco shooting. (*Id.*) Furthermore, the court stated that the Petitioner's claim for ineffective assistance of counsel was insufficient because the court did

---

[4] Rodriquez, Hernandez, and Maritza Rivera (Petitioner's girlfriend at the time and now Petitioner's wife) provided affidavits in support of Petitioner's motion for post-conviction relief. (Post-Conviction Supplemental Petition, at 10.) Hernandez stated that he was across the street from Petitioner when the shooting took place and he did not see Petitioner with a gun. (*Id.* at 11.) Instead, Rodriquez stated that he saw Mario Chacon fire into the car from a nearby porch. (*Id.*) Hernandez stated that she was walking down the street with Maritza Rivera towards the Petitioner immediately prior to the shooting and she did not see him with a gun. (*Id.* at 12.) Hernandez, while looking at the Petitioner, then heard shots fired but did not see the Petitioner fire a gun. (*Id.*) Maritza Rivera Cardin confirmed Hernandez's statement and also stated that she talked with Alejandro on the night of the shooting. (*Id.* at 13.) During this conversation, according to Maritza, Alejandro stated that Petitioner was not the shooter. (*Id.*)

not believe the outcome would be different, regardless of the statements by the three new witnesses. (Order to Dismiss, at B 34.) Finally, the court stated that the grounds presented by the Petitioner were insufficient to demonstrate ineffective assistance of counsel at trial or on appeal. (*Id.* at B 34-35.)

In his brief on appeal from that order, Petitioner argued that he was entitled to an evidentiary hearing on his post-conviction petition because he made a substantial showing that trial counsel was ineffective by failing to investigate exonerating witnesses, specifically Rodriquez and Hernandez, and by calling defense investigator Cornell, whose testimony was discredited by Judge Himel. (Appeal from Dismissal, at 8-12.) The State's attorney filed a response brief, and in his reply, Petitioner offered a further explanation of the reasons that the missing witnesses' testimony was important and his contention that he was entitled to an evidentiary hearing on his petition. (State's Brief as Appellee in the Illinois Appellate Court on Appeal from the Dismissal of Petitioner's State Post-Conviction Petition, Exhibit I to Respondent's Answer; Petitioner's Reply Brief on Appeal from the Dismissal of the State Post-Conviction Petition, Exhibit J to Respondent's Answer.)

On September 1, 1999, the Appellate Court of Illinois issued an unpublished opinion affirming the circuit court's dismissal of Petitioner's motion for post-conviction relief.[5] (Unpublished Order of the Illinois Appellate Court, *People v. Cardin*, No. 1-98-0278, Exhibit K to Respondent's Answer.)

On September 30, 1999, Cardin filed, *pro se*, a petition for leave to appeal to the Supreme Court of Illinois. (Petition for Leave to Appeal to the Illinois Supreme Court on Appeal from the Dismissal of his State Post-Conviction Petition, Exhibit L to Respondent's Answer.) In this petition, Cardin again raised the argument that he was denied the effective assistance of counsel because his trial counsel failed to interview witnesses and present exonerating testimony to the trial court,

---

[5] The court is unable to examine the exact grounds of the appellate court's decision because the Respondent failed to provide the entire decision as an exhibit.

7

and again urged that he was entitled to a hearing on his post-conviction petition. (*Id.* at 4, 6.) On December 23, 1999, the Illinois Supreme Court denied Cardin's petition for leave to appeal. (Order of the Illinois Supreme Court which Denied Leave to Appeal in Petitioner's State Post-Conviction Petition, Exhibit M to Respondent's Answer.)

## DISCUSSION

### Standards of Review

Section 2254 of the Anti-Terrorism and Effective Death Penalty Act entitles a prisoner to a writ of habeas corpus if he is being held pursuant to a state court judgment obtained in violation of the Constitution. 28 U.S.C. § 2254. For claims that were adjudicated on the merits by a state court, a federal court will not grant a writ of habeas corpus unless that state decision (1) was contrary to or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in that state court proceedings. 28 U.S.C. § 2254(d)(1) & (2).

Before an individual may seek habeas relief in the federal courts, however, the petitioner must follow a number of procedural steps. Prior to a federal court considering a writ of habeas corpus on the merits, the petitioner is required to "(1) exhaust all remedies available in state courts . . . and (2) fairly present any federal claims in state court first, or risk procedural default." *Bocian v. Godinez*, 101 F.3d 465, 468 (7th Cir. 1996) (citations omitted).

A petitioner seeking habeas relief "must provide the state courts with a fair opportunity to apply constitutional principles and correct any constitutional error committed by the trial court." *Id.* at 469. Further, a petitioner is required to set forth his claims "in such a way as to fairly alert the state court to any applicable [federal] constitutional grounds for the claim" *Id.* (citations omitted.) A petitioner for habeas relief must submit "both the operative facts and the controlling legal

8

principles of a constitutional claim" before properly seeking habeas review in the federal courts. *Bocian*, at 469.

**Habeas Petition**

Cardin petitioned this court for habeas relief from his murder conviction on October 24, 2000. (Petition for Habeas.) Cardin's petition alleges four violations of his constitutional rights. (*Id.* at 5-6.) First, Cardin claims he was denied the effective assistance of counsel at trial because trial counsel declined to hire a ballistics expert and failed to have the clothes Cardin was wearing on the day of the murder tested for gun powder. (*Id.* at 12.) Second, Cardin alleges that he was denied the effective assistance of counsel on direct appeal because his appellate counsel raised only one issue, abuse of discretion in sentencing, in that appeal. (*Id.* at 13.) Third, Cardin challenges the sufficiency of the evidence because the State's key witnesses were rival gang members. (*Id.* at 14.) Cardin underscores his sufficiency of the evidence challenge by noting that his trial counsel failed to offer police reports which Cardin believes would have impeached the prosecution's witnesses, or call additional witnesses who would have challenged evidence offered by the State concerning the number of shots fired. (Petition for Habeas, at 14.) Cardin's final argument is that he was denied fundamental fairness. (Petition for Habeas, at 15.) Again in this claim, Cardin complains about the sufficiency of the evidence and his attorney's failures, including the attorney's failure to call two police investigators and Raphael Vasquez as witnesses, and failure to introduce police reports concerning the angle from which the fatal bullet was fired. (*Id.*) Lastly, Petitioner argues, again, that it was fundamentally unfair for the court to convict him based in large part on the testimony of rival gang members. (*Id.*)

The Respondent has not addressed the substance of these alleged constitutional violations. Instead, Respondent has asked this court to deny Cardin's petition for relief because he

9

procedurally defaulted his claims.[6] The court will now address whether the claims raised by Cardin have been procedurally defaulted and thus ineligible for habeas relief.

**Exhaustion and Procedural Default**

With one exception, discussed below, Respondent has acknowledged that Petitioner exhausted his claims in the Illinois state courts, but argues that his claims are procedurally defaulted. There is no dispute that Petitioner's motion for post-conviction relief was dismissed and the time for further review has since passed. Under Illinois law, no additional proceedings regarding post-conviction relief may be held more than six months after the denial for leave to appeal or three years from the date of conviction, whichever is sooner and barring extraordinary circumstances. 725 ILCS 5/122-1(c). The Petitioner filed his petition for habeas relief after this time period ran and thus further review in the Illinois courts is not available to the Petitioner at this time.

Respondent notes one potential concern regarding exhaustion: On July 14, 2000, Petitioner filed a motion in the Illinois courts, in accordance with 725 ILCS 5/116-3(c)(1), seeking appointment of a ballistics expert. (Respondent's Answer, at 4; Habeas Petition, at 4.) The court is not quite certain of the nature of this motion, which on its face appears to be a successive post-conviction petition. The trial court denied the motion and on August 8, 2000, Petitioner filed a notice of appeal. As of December 26, 2000, that motion remained pending. The court is uncertain of the current status of the motion, but concludes it does not defeat exhaustion of Petitioner's habeas claims. Although his petition before this court argues that trial counsel was ineffective by failing to call a ballistics expert as a witness, Petitioner has not raised an independent claim relating to his need for such a witness, nor does he argue that there is an independent constitutional right to

---

[6] In the event that the court finds that Petitioner has not defaulted, the Respondent has requested an opportunity to address the claims on the merits.

10

such a witness. Respondent does not argue that Petitioner's state court motion (if it remains pending) renders any of the claims set forth in his pending habeas petition unexhausted and this court will therefore proceed to examine the procedural default argument.

**Ineffective Assistance of Counsel**

As noted, Petitioner's first claim is that trial counsel was ineffective by failing to present a ballistics expert or to have the Petitioner's clothes tested for gun powder residue. Respondent argues that this claim has been procedurally defaulted because Petitioner failed to properly present the issue to the Illinois courts. This court agrees.

The only issue raised on direct appeal from Petitioner's murder conviction was abuse of discretion by the trial judge in sentencing the Petitioner. The Illinois Appellate Court ruled against the Petitioner on this issue: The Appellate Court merely observed, "[t]he record does not show that the trial court abused its sentencing discretion. Accordingly, the judgment of the circuit court is affirmed." (Unpublished Order of the Illinois Appellate Court on Direct Appeal, *People v. Cardin*, No. 1-94-1665, Exhibit B to Respondent's Answer, at 1.) (citations omitted). Petitioner took this appeal no further. Finally, the period in which Petitioner could seek leave to appeal to the Illinois Supreme Court has run and this remedy is now closed to the Petitioner. Thus, this claim, raised on direct appeal, has been procedurally defaulted by the Petitioner.

A petitioner's failure to raise habeas claims on direct appeal is not always fatal to his habeas petition. *Momient-El v. DeTella*, 118 F.3d 535, 539 (7th Cir. 1997). Here, Petitioner moved for post-conviction relief before the Circuit Court of Cook County. While Petitioner raised arguments regarding the ineffective assistance of counsel, he failed to raise any argument in either his *pro se* petition or the amended petition, submitted through counsel, which addressed the need for a ballistics expert or a test for gunpowder residue at trial. The Petitioner then appealed and alleged that because he had made a substantial showing of a constitutional violation, an evidentiary

11

hearing should have been granted. In the course of this appeal, the Petitioner focused on an ineffective assistance of counsel argument, but again made no mention of the ballistics expert or the gunpowder residue issue. (Appeal from Dismissal, at 8-12.) Instead, Petitioner argued on appeal that his trial counsel was ineffective because he failed to call three witnesses Petitioner believes would have been helpful to his defense, Rosemarie Hernandez, Maritza Cardin, and Jose Rodriquez. (*Id.*) This appeal was denied. (Unpublished Order of the Illinois Appellate Court, *People v. Cardin*, No. 1-98-0278, Exhibit K to Respondent's Answer.) Petitioner did petition for leave to appeal to the Illinois Supreme Court, but his petition raised the same grounds, again focusing on the missing witnesses. (Petition for Leave to Appeal, at 4-6.)

Federal courts may examine several factors in determining whether a petitioner for habeas relief has fairly presented an issue to the state court. *Momient-El v. DeTella*, 118 F.3d 535, 539 (7th Cir. 1997). The court will look to whether the petitioner, "(1) relied on pertinent federal cases; (2) [relied] on state cases applying constitutional analysis to a similar factual situation; (3) assert[ed] the claim in terms so particular as to call to mind a specific constitutional right; or (4) allege[ed] a pattern of facts that is well within the mainstream of constitutional litigation." *Verdin v. O'Leary*, 972 F.2d 1467, 1473-74 (7th Cir. 1992). "The presence of one of these factors . . . does not automatically avoid a waiver; the court must consider the specific facts of each case." *Id.* at 1474. In order for "a constitutional claim to be fairly presented to a state court; both the operative facts and 'controlling legal principles' must be submitted to the court." *Momient-El v. DeTella*, 118 F.3d 535, 539 (7th Cir. 1997).

The court concludes this claim is procedurally defaulted. It is true that the Petitioner presented an effective assistance of counsel claim to the Illinois courts. This argument, however, was in relation to trial counsel's failure to investigate the case and failure to call three witnesses. In reviewing the Petitioner's appellate briefs from his motion for post-conviction relief the court finds

12

no mention of trial counsel's failure to present either a ballistics expert or an expert to test his clothes from the day of the crime. Petitioner simply did not raise the same operative facts in his petition for habeas relief as those set forth to the Illinois Appellate Court and Illinois Supreme Court. Because this claim was not properly presented for review to the Illinois Courts and the time for such review has lapsed, this claim is procedurally defaulted.

### Ineffective Assistance of Appellate Counsel

Petitioner's second claim challenges the effective assistance of appellate counsel, who raised only a simple sentencing matter on direct appeal from his conviction. Petitioner argues that his rights were violated because his appellate counsel failed to raise issues pertaining to the ineffective assistance of trial counsel, insufficiency of evidence, or failure to call a ballistics expert.

As noted above, Petitioner's direct appeal ended at the Illinois Appellate Court stage, and he made no mention of this issue (ineffective assistance on direct appeal) in his appeal from the dismissal of his motion for post-conviction relief or in his petition for leave to appeal to the Illinois Supreme Court. Because this issue was not properly presented to the Illinois courts for review and the time has lapsed for such review, this court finds that the issue has also been procedurally defaulted.

### Insufficiency of the Evidence

Petitioner's third argument is similarly barred: He contends that the evidence was insufficient for the court to find him guilty beyond a reasonable doubt. In support of this claim, Petitioner argues that he was convicted largely on the weight of three eyewitnesses who were rival gang members. Furthermore, Petitioner contends, there was evidence, not presented at trial, which would exculpate him and weaken the State's case.

Again, the court is not allowed to examine the merits of this claim because it is barred from habeas review as it has been procedurally defaulted by the Petitioner. In reviewing the briefs

13

submitted by the Petitioner in his post-conviction proceeding, the court is unable to determine how this issue was fairly presented to the Illinois courts for review. It is arguable that the Petitioner raised this argument in connection with one of his ineffective assistance of counsel arguments, included in his *pro se* motion for post-conviction relief submitted to the Circuit Court of Cook County. In any event, however, the argument was abandoned when the Petitioner appealed the dismissal of his motion to the Illinois Appellate Court. Lastly, in his petition for leave to appeal to the Illinois Supreme Court, the Petitioner criticizes the nature of the evidence presented against him at trial, but does not claim that it was insufficient. Because Illinois courts were not presented with a full and fair opportunity to review this issue, the court finds that the issue has been procedurally defaulted.

In the event that the issue was not procedurally defaulted, the result would be the same. The Supreme Court stated that the standard for courts evaluating the sufficiency of the evidence is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In addition, under Illinois law, the identification of a defendant by a single eyewitness is sufficient to support a conviction, even in light of a contradictory alibi, assuming the witness was given an adequate opportunity to view the defendant and the in-court identification was both reliable and credible. *People v. Slim*, 127 Ill.2d 302, 537 N.E.2d 317, 319 (1989). In the Petitioner's case, the State presented three eyewitnesses, each testifying that the Petitioner was the person who shot Zarco. In light of the Illinois standard and the standard set by the Supreme Court in relation to the sufficiency of the evidence, the evidence presented against the Petitioner was sufficient to support his conviction.

**Denial of fundamental fairness**

Petitioner argues in his petition that "every effort was employed" to exclude witness

testimony, which if presented would have discredited the State's case. (Petition for Habeas, at 15.) In addition, he claims, his legal representation was unreasonably poor and thus he was denied his right to the effective assistance of counsel. Specifically, Petitioner states that his attorney failed to call two police investigators, each of whom would have discredited the State's case and established Petitioner's innocence. Petitioner also argues that his attorney failed to call Vasquez as a witness to the crime, who would have testified that someone other than the Petitioner committed the murder. Lastly, Petitioner again argues that it is fundamentally unfair that he was convicted on the testimony of rival gang members.

Some of the issues presented in this fourth claim have formed parts of his other claims. As previously discussed, those matters are procedurally defaulted. To the extent Petitioner has mentioned additional circumstances in support of this "fundamental fairness" issue, they also are defaulted. As noted previously, the only issues presented to the Illinois Supreme Court were ineffective assistance, specifically involving the failure of counsel to present three exculpatory witnesses (not including the police officers mentioned in his petition to this court) and the decision to call investigator Cornell. The claims raised here were not raised before the Illinois courts for their review. As such, Petitioner's final claim is also procedurally defaulted. The court notes, finally, that Petitioner appears to have made an error in drafting his petition, because Vasquez was in fact called as a witness at his trial.

### Exceptions to Procedural Default Doctrine

In limited circumstances, a federal court may review a claim even where the habeas petitioner has procedurally defaulted the claim by failing to present it fully and fairly to the state courts. Specifically, habeas review may be available where the petitioner demonstrates cause for the default and actual prejudice as a result of the failure, or demonstrates that the failure to consider the claims will result in a fundamental miscarriage of justice. *Dellinger v. Bowen*, 301 F.3d

758, 764 (7th Cir. 2002), citing *Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir.1999). As the *Dellinger* court observed, the Supreme Court has defined cause narrowly, explaining that cause sufficient to excuse procedural default must consist of "some objective factor external to the defense" which precluded him from presenting his claim in state court. *Id.* at 766, citing *Murray v. Carrier*, 477 U.S. 478, 492, (1986). In order for the court to find procedural default excused by a "fundamental miscarriage of justice," the petitioner must demonstrate that absent the alleged constitutional violation, "it is more likely than not that no reasonable juror would have convicted him." *Id.* at 767, citing *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

In this case, Petitioner has failed to allege any cause for failure to raise his claims at the appropriate time. Nothing about the substance of those claims suggest he could not have been aware of them at the time of his appeal or his state post-conviction filing. The only explanation for his procedural default that Petitioner has offered in this petition is an argument pertaining to the ineffective assistance of appellate counsel, which can serve as a cause for failure to raise a claim. This "cause" is not available to the Petitioner, however, because this claim has also been defaulted. The Supreme Court held that for a petitioner to assert the ineffective assistance of counsel as a "cause" for failure to raise a claim, that ineffective assistance of counsel claim must be presented to the state courts for review. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). As set forth above, the Petitioner has defaulted on this claim and therefore can not raise this claim to avoid the procedural default rule. Thus, the court does not need to consider whether actual prejudice resulted from this failure to timely and properly raise the claim because it has already determined that the Petitioner has failed to demonstrate sufficient cause for the court to consider such an argument.

Nor has Petitioner suggested that any constitutional violation involving the State's prosecution of him has probably resulted in the conviction of one who is actually innocent. To make such a showing, Petitioner is required to "present clear and convincing evidence that, but for the

alleged error, no reasonable juror would have convicted him." *Dellinger*, 301 F.3d at 767. Assuming Petitioner were able to establish that his attorney was ineffective in one or more of the ways Petitioner claims, he has offered nothing to suggest that the outcome of the trial would have been different or that he is in fact innocent of the murder charge. Because, under Illinois law, identification of a defendant by a single eyewitness is sufficient to support a conviction, a reasonable jury could still have convicted him even if trial counsel had performed in accordance with the claims raised by the petitioner in his habeas petition. Thus, no exception to the procedural default rule is available here.

## CONCLUSION

The petition for writ of habeas corpus is denied because the Petitioner has procedurally defaulted on all claims raised in his petition for habeas relief.

ENTER:

Dated: October 25, 2002

REBECCA R. PALLMEYER
United States District Judge